■ WILFRED K. STACEY, Respondent, v. MOE MEYER, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Essex County, entered upon the verdict of a jury in a negligence action, in favor of the plaintiff, in the

amount of $16,000. The accident occurred on a two-lane highway between Saranac Lake and Lake Placid on July 28, 1955, at about 11:00 A.M. Three vehicles were involved in the accident. They were all traveling in an easterly direction at the end of a long line of cars. The traffic slowdown was caused by some log trucks moving slowly up an incline about 150 yards beyond the point of the accident. At the point of the accident, the road began a slight incline; further up, it became steeper. The first car of those involved in the accident was a delivery truck, against the owner and operator of which no claim is now made. The second car in line was owned and operated by the defendant. The third car was that of the plaintiff. The plaintiff was a paraplegic; his automobile was specially equipped so that the brakes and the accelerator were operated manually by a single lever. The plaintiff's version of the accident was as follows: He was going about 25 to 30 miles per hour, about one and one half to two car lengths behind the defendant's car. He saw the delivery truck ahead of the defendant's car; he was not sure whether it was moving or had stopped; he did not notice the other cars and trucks ahead of the delivery truck. As he started up the gradual incline, he heard a noise in front of him; the defendant's car came back or "bounced back" toward him (presumably after hitting the delivery truck) and hit the front of plaintiff's car. The plaintiff testified that he had put on his brakes when he had heard the noise and that he was traveling only five to six miles per hour at the time he was hit. He asserted that the defendant's car "was coming backwards faster than I was going forward". A State trooper called by the plaintiff testified that, after the accident, the plaintiff told him that he had run into the back of the defendant's car. The defendant testified that he had stopped behind the delivery truck, after giving a signal of his intention to do so, and that his car was hit in the rear by the plaintiff's car and was thrown against the delivery truck, which was also standing still or just starting up from a stop. Immediately thereafter, the defendant's car was struck a second time and thrown against the delivery truck again. The defendant's theory was that the plaintiff struck the control lever on his car after the first impact and sent the car forward again. We believe that on the whole record the verdict in favor of the plaintiff was contrary to the weight of credible evidence. We cannot accept either the plaintiff's theory or the defendant's theory as to how the accident happened. The weight of the evidence supports the view that the defendant's car struck the delivery truck first and that the plaintiff's car ran into the rear end of the defendant's car and threw it forward against the truck thus causing a second impact against the truck. The impact suffered by the plaintiff was a severe one and it cannot be accounted for by the collision between two cars only slightly in motion, one "bouncing back" from a stop and the other going forward only five to six miles per hour. In view of the traffic slowdown, it was the duty of the plaintiff and the defendant to be alert to the fact that they might be required to stop at any moment and to keep themselves in readiness to stop without a collision. The issues of the plaintiff's freedom from contributory negligence and of the defendant's negligence should be redetermined in the light of the reasonable inferences to be drawn from the evidence. Judgment reversed on the law and the facts and a new trial is ordered, with costs to the appellant to abide the event. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.